IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEVERN JACKSON | : CIVIL ACTION |
| v. | : |
| THE CITY OF PHILADELPHIA, OFFICER MAURICE ALFANO, OFFICER VINCENT BUTLER, OFFICER CARL CHARLES, OFFICER ALONZO DAWSON, AND OFFICER JONATHAN COONEY | : : : : : : NO. 11-4294 |

ORDER AND OPINION

JACOB P. HART                                                               DATE: 1/8/13
UNITED STATES MAGISTRATE JUDGE

     In this action, filed under 42 U.S.C. §1983, plaintiff Levern Jackson alleges that the defendants violated his rights under the Fourth Amendment of the United States Constitution to be free of unreasonable searches and seizures. He accuses the defendants of wrongful arrest and excessive use of force. Jackson has now filed a *motion in limine* seeking to suppress evidence of the marijuana found on him at the time of his arrest, and evidence that he resisted arrest. As explained below, his motion will be denied.

I.     Factual and Procedural Background

     Jackson was arrested by defendant Philadelphia police officers on July 8, 2009. As the parties agree, Jackson was seated in the front passenger's seat of a parked car on that evening. At a certain point, one of the defendants opened the passenger's side car door and Jackson then exited the car. Defendants found upon Jackson's person a plastic bag containing approximately three ounces of marijuana, as well as some cash. The parties also agree that at some point during his arrest by the defendants, Jackson "ended up on the ground." He was transported to the hospital, where he remained for several days.

Jackson was charged in the Court of Common Pleas for Philadelphia County with criminal conspiracy, possession of marijuana, possession with intent to deliver marijuana, institutional vandalism, resisting arrest, and criminal mischief. On September 30, 2010, however, the Honorable Jimmie Moore of that court granted Jackson's motion to suppress the marijuana, as a result of her conclusion that the defendants lacked probable cause to open the car door. Transcript of Motion to Suppress, attached as an Exhibit to Plaintiff's Motion for Limine, at 40-41. At some point afterwards, all charges against Jackson were dismissed.

II.  Discussion

As noted, Jackson is now suing the defendant police officers for wrongful arrest and excessive use of force. In his motion in limine, he maintains that evidence of the marijuana should be suppressed because it has already been determined in the state court that it was seized as a result of an illegal intrusion into the car in which Jackson was seated. Although Judge Moore did not say so explicitly, this would imply that the arrest on drug charges was invalid as the fruit of this illegal search. Jackson also argues that evidence of his resisting arrest should be suppressed because "police may not use any force against an individual unless there are grounds to believe that the individual has committed a crime." Memorandum in Support of Motion in Limine at unnumbered page 3. Apparently, Jackson's argument is that any use of force was a violation of Jackson's Fourth Amendment rights because the arrest was illegal. Accordingly, he argues, the evidence is irrelevant.

A.  The Marijuana

Jackson's motion seeking the suppression of evidence regarding the marijuana must be denied.  Case law in this Circuit has established that a state court finding of no probable cause is not ordinarily binding in a subsequent §1983 action.  In Smith v. Holtz, the Court of Appeals for the Third Circuit decided that collateral estoppel did not bar the litigation of whether the defendants had committed a Brady violation in a civil rights case, even where the state court had found that such a violation took place.  210 F.3d 186, 199 (3d Cir. 2000).  The Court explained that the parties were not identical, as required for the operation of collateral estoppel, because the parties in the criminal action were the Commonwealth and Smith, whereas the defendants in the civil action were the named in their individual capacities.  Id. at n. 18.

Accordingly, in Sanders v. Philadelphia, the District Court for the Eastern District of Pennsylvania denied a plaintiff's motion for summary judgment on a false arrest claim, although the state court had ruled that the arrest was not supported by probable cause.  209 F. Supp.2d 439, 440 (E.D. Pa. 2002).  The judge wrote:

> The Court notes the Court of Common Pleas' finding that O'Brien [the arresting officer] lacked probable cause.  However, this finding is non-binding as the Court of Common Pleas case involved different parties, i.e., The Commonwealth v. Irma Sanders (Neither Sgt. O'Brien nor the City of Philadelphia had a chance to litigate in that matter), and involved a different issue (Irma Sanders' guilt).  Thus, res judicata and collateral estoppel do not apply here.

Id. at 442, n. 1.

Also of interest, though not precedential, is Murphy v. Bendig, 232 Fed. Appx. 150 (3d Cir. 2007), in which the Court of Appeals for the Third Circuit affirmed a District Court's denial of plaintiffs' motion for summary judgment in their § 1983 case, even though the state court had

3

suppressed evidence of a burglary in the criminal action, on the ground that the arresting officers lacked the reasonable articulable suspicion necessary to stop the plaintiffs' van. Citing Smith v. Holtz, the Murphy court wrote: "The District Court correctly decided that Bendig [the arresting officer] was not collaterally estopped from litigating that issue by the state court's ruling."

In this case, as in Holtz, Sanders and Murphy, the individual defendants were obviously not parties in Jackson's criminal case. (Although the City of Philadelphia is named as a defendant, there do not appear to be any counts in Jackson's case which name it; in any event, neither was the City a party in the criminal case). For this reason, collateral estoppel does not preclude the jury from considering whether the defendants had probable cause to arrest Jackson, even though the Common Pleas court decided that they did not. The presence of marijuana on Jackson's person is relevant to that consideration.

B.  Resisting Arrest

Jackson's motion must also be denied as it pertains to evidence of his resisting arrest. In an action for excessive force, the jury is empowered to consider whether the §1983 plaintiff was resisting arrest, and/or whether he posed an immediate threat to the safety of the defendants or others. Thus, evidence of Jackson's behavior is probably the most relevant evidence possible as to whether the arresting officers' actions were justified or excessive. Even if the arrest is ultimately decided to have been wrongful, this does not compel a finding that the officers used excessive force, since in this District there is generally no constitutional right to resist a wrongful arrest. Kilhefer v. Plowfield, 409 F. Supp. 677 (E.D. Pa. 1976). The Kilhefer court explained that an arrest's legality is better challenged peacefully in a courtroom, whether civil or criminal, than on a street corner at the time of the arrest.

For the reasons explained above, therefore, I will deny Jackson's motion in limine.

BY THE COURT:

/s/ Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE